FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
FEB 19 2016
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRITTANY L. TEAL, | ) | Case No. 8:14-CV-161 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER ON FINAL |
| v. | ) | PRETRIAL CONFERENCE |
| | ) | |
| BEHAVE'N DAY CENTER, INC., | ) | |
| A Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

A final pretrial conference was held on the 19th day of February, 2016. Appearing for the parties as counsel were:

Patrick M. Flood and Michael R. Peterson for Plaintiff.

Kathryn A. Dittrick and Rhianna A. Kittrell for Defendant.

**(A)** **Exhibits.** See attached Exhibit List and Designations of Deposition Testimony and Discovery Responses.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Plaintiff, Brittany L. Teal ("Plaintiff"), is a resident of the State of Nebraska.
2. Defendant, Behave'n Day Center, Inc. ("Defendant"), is a corporation organized under the laws of the State of Nebraska. Its principal place of business is located in the State of Nebraska.

1

3. Defendant operates a mental health day treatment program for children with moderate to severe behavioral issues and also provides therapy for families and children on an outpatient basis.
4. Defendant utilizes time-out rooms and barrier rooms as part of its discipline policies for children attending the treatment program.
5. Plaintiff, a female, worked at Defendant's facility in Omaha from April of 2011 until June 28, 2013, when her employment with Defendant was terminated.
6. From November, 2012 through the date of her termination, Plaintiff worked as the Program Coordinator at Defendant's Omaha facility.
7. Beginning in October of 2012, Gail Williams ("Williams") served as Defendant's Clinical Director of the Omaha facility and was also Plaintiff's supervisor.
8. Plaintiff was approximately five (5) months pregnant at the time of her termination on June 28, 2013.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:
1. Whether Plaintiff was meeting Defendant's legitimate job expectations.
2. Whether Defendant's termination of Plaintiff's employment constitutes discrimination on the basis of pregnancy and/or related medical conditions in violation of the Pregnancy Discrimination Act of 1978 and amendments thereto.
3. Whether Defendant's termination of Plaintiff's employment constitutes discrimination on the basis of her sex and pregnancy related medical conditions in violation of the Nebraska Fair Employment Practice Act.
4. Whether Defendant's termination of Plaintiff's employment constituted unlawful retaliation in violation of the Nebraska Fair Employment Practice Act.
5. Whether Plaintiff engaged in a protected activity under the Nebraska Fair Employment Practice Act.

6. Whether there exists a causal connection between any protected activity and the termination of Plaintiff's employment.

7. Whether Defendant's reason for terminating Plaintiff's employment was pretext for a discriminatory or retaliatory reason.

8. Whether Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

9. The nature and extent of damages Plaintiff suffered, if any, as a direct and proximate result of Defendant's conduct.

10. Whether Plaintiff is entitled to punitive damages, and if so, in what amount.

11. Whether Plaintiff is entitled to attorney's fees and costs, and if so, in what amount.

12. Whether Plaintiff was terminated for legitimate, non-discriminatory reasons unrelated to her pregnant condition.

13. Whether Plaintiff failed to mitigate her damages.

**Pending Motions:**

1. ~~Defendant's Motion for Summary Judgment~~ *2/19/16*
2. Defendant's Motion in Limine *Pl. given until 3/7/16 to respond. Def. given until 3/14/16 to reply*

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Plaintiff, Brittany L. Teal;
2. Roger Peterson, Behave'n Kids Daycare, 20275 Honeysuckle Dr., Suite 103, Elkhorn, NE 68022;
3. Gail Williams, Behave'n Kids Daycare, 8922 Cuming Street, Omaha, NE 68114;
4. Justin Nicola, 3524 Pacific Street, Omaha, NE 68105;
5. Katy Bowen, 2011 S. 152nd Street, Omaha, NE 68144;
6. Lindsay Stehno, 4314 N. 169th Street, Omaha, NE 68116;
7. Jessica Wachtler, 15138 Monroe Street, Omaha, NE 68137;

3

8.  Mark D. Carlson, M.D., Methodist Physicians Clinic, 8901 West Dodge Road, Omaha, NE 68114.

Plaintiff may also call the following witnesses, if the need arises:

1.  Janie Peterson, Behave'n Kids Daycare, 20275 Honeysuckle Dr., Suite 103, Elkhorn, NE 68022;
2.  Ashley Rose, 2622 N. 10th Plaza, Omaha, NE 68164;
3.  Carrie Rowell, Behave'n Kids Daycare, 20275 Honeysuckle Drive, Suite 103, Elkhorn, NE 68022;
4.  Emily Deyke, Behave'n Kids Daycare, 8922 Cuming Street, Omaha, NE 68114;
5.  Kevin Schuller, 3410 8th Street, Columbus, NE 68601;
    5(a) Autumn Burns,
6.  All witnesses identified by Defendant;
7.  Any witness for the purpose of impeachment or rebuttal; and
8.  Any witness required to lay foundation for any exhibit.

[List names and complete addresses of all persons who will testify in person only. Such list shall identify those witnesses the party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, each witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived.]

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.  Plaintiff, Brittany L. Teal;
2.  Roger Peterson, Behave'n Day Center, 20275 Honeysuckle Drive, Suite 103, Elkhorn, NE 68022; and
3.  Gail Williams, 2103 Dana Lane, Papillion, NE 68133.

4

Defendant may also call the following witnesses, if the need arises:

1. Ashley Rose, 2522 North 109th Plaza, Apt. 204, Omaha, NE 68164;
2. Carrie Rowell, 4613 North 160th Street, Omaha, NE 68116;
3. Andrea Berry, 301 Centennial Mall South, PO Box 94934, Lincoln, NE 68509;
4. All witnesses identified by Plaintiff;
5. Any witness for the purpose of impeachment or rebuttal; and
6. Any witness required to lay foundation for any exhibit.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E) Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

None.

Experts to be called by defendant and their qualifications are:

None.

**(F) Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The parties request that each side be given **thirty (30) minutes** to question potential jurors.

**(G) Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members.

**(H) Verdict.** The parties will stipulate to a less-than-unanimous verdict. The parties' stipulation is as follows: If the jurors are not able to reach a unanimous verdict after eight (8) hours of deliberation, the parties stipulate to a verdict agreed to by ten (10) of the jurors.

**(I) Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Deadline to submit trial briefs and proposed jury instructions:
Monday, March 7, 2014.

**(J) Length of Trial.** Counsel estimate the length of trial will consume not less than 2 day(s) and not more than 4 day(s).

**(K) Trial Date.** Trial is set for Monday, March 14, 2016.

BY: /s/
Patrick M. Flood, #19042
Michael R. Peterson, #23444
Pansing Hogan Ernst & Bachman LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
(402) 397-5500
pflood@pheblaw.com
mpeterson@pheblaw.com
Attorneys for Plaintiff

BY: /s/
Kathryn A. Dittrick, #23513
Rhianna A. Kittrell, #25366
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
kdittrick@fraserstryker.com
rkittrell@fraserstryker.com
Attorneys for Defendant

BY THE COURT:

/s/ 2/19/16
F.A. Gossett, III
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRITTANY L. TEAL, | ) | Case No. 8:14-CV-161 |
| --- | --- | --- |
| ) | |
| Plaintiff, | ) | |
| ) | **JOINT** |
| v. | ) | **EXHIBIT LIST** |
| ) | |
| BEHAVE'N DAY CENTER, INC., A | ) | |
| Nebraska Corporation, | ) | |
| ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Brittany L. Teal, and Defendant, Behave'n Day Center, Inc., by and through their counsel of record and, pursuant to ¶4(c) of the Second Amended Order Setting Final Schedule for Progression of Case (Filing No. 36), sets forth the following list of exhibits which Plaintiff and Defendant expect to introduce during the trial of this matter:

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | | Job Description for Program Coordinator signed and dated 12/17/12 (Depo. Ex. 11; Behave'n to Teal 0001) | | | | | |
| 2 | | Behaven policy for timeouts (Depo. Ex. 19; Behave'n to Teal 0070-0072) | | | | | |
| 3 | | Behaven training information (Depo. Ex. 21; Behave'n to Teal 0265-0266) | | | | | |
| 4 | | Behaven policy for approved methods of discipline (Depo. Ex. 18; Behave'n to Teal 0073) | | | | | |
| 5 | | Regulatory Requirements applicable to Defendant (Behave'n to Teal 0067) | | | | | |
| 6 | | Final Letter of Warning dated 6/14/13) (Depo. Ex. 2; Behave'n to Teal 0361) | | | | | |
| 7 | | Incident Report dated 6/26/13 (Behave'n to Teal 0061 and 0062) | | | | | |

1

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 8 | | Text messages between Plaintiff and Ashley Rose (Depo. Ex. 35; Teal 15) | | | | | |
| 9 | | Text messages between Plaintiff and Emily Deyke (Depo. Ex. 38; Teal 24-26) | | | | | |
| 10 | | Plaintiff's comments and concerns re: Behaven policies with handwritten notes (Depo. Ex. 4; Behave'n to Teal 0268-0271) | | | | | |
| 11 | | Investigation documents into Plaintiff's complaint including disciplinary action taken (Depo. Ex. 5) | | H, R | | | |
| 12 | | Dr. Mark D. Carlson Note dated 6/3/13 (Depo. Ex. 10) | | H, R | | | |
| 13 | | 2013 W-2 from Behaven (Teal No. 52) | | | | | |
| 14 | | Wage information from Gass Schools, Inc. (Teal 55-57) | | | | | |
| 15 | | Wage information from DHHS (Teal No. 58-60) | | | | | |
| 16 | | Defendant's Answers to Interrogatories | | See Ex. A | | | |
| 17 | | Designated pages from the Deposition of Gail Williams dated July 17, 2015 | | See Ex. A | | | |
| 18 | | Designated pages from Deposition of Roger Peterson dated July 8, 2015 | | See Ex. A | | | |
| | | Plaintiff reserves the right to offer any and all additional exhibits necessary to establish foundation. | | | | | |
| | | Plaintiff reserves the right to offer any and all exhibits listed or offered by Defendant not objected to by Plaintiff. | | | | | |

2

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 101 | Receipt and Acknowledgement of Employee Handbook and Policies (Behave'n to Teal 0075-0076) | | | | | |
| | 102 | Policy for Use of Seclusion and Restraint (Behave'n to Teal 0074) | | | | | |
| | 103 | Medication Aide Job Description (Behave'n to Teal 0002-0003) | | | | | |
| | 104 | Medication Manager Job Description (Behave'n to Teal 0004-0005) | | | | | |
| | 105 | Salary/Position Adjustment Record dated 12/17/12 (Behave'n to Teal 0006) | | | | | |
| | 106 | Plaintiff's Performance Evaluations (Behave'n to Teal 0007-0013) | | | | | |
| | 107 | 90 Day/ Quarterly Reviews (Behave'n to Teal 0014-0018) | | | | | |
| | 108 | January 2013 Employment Performance Evaluation (Behave'n to Teal 0019-0022) | | | | | |
| | 109 | Supervision Meeting Notes dated 12/10/12 (Behave'n to Teal 0027) | | | | | |
| | 110 | Staff Development Plan dated January - March 2013 (Behave'n to Teal 0030, 0031) | | | | | |
| | 111 | Supervision Meeting Notes dated 2/25/13 (Behave'n to Teal 0039) | | | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 112 | Supervision Meeting Notes dated 3/21/13 (Behave'n to Teal 0041) | | | | | |
| | 113 | Supervision Meeting Notes dated 4/15/13 (Behave'n to Teal 0043) | | | | | |
| | 114 | Supervision Meeting Notes dated 5/13/13 (Behave'n to Teal 0046) | | | | | |
| | 115 | Verbal Warning dated 11/9/11 (Behave'n to Teal 0052) | | | | | |
| | 116 | Letter of Warning dated 6/19/12 (Behave'n to Teal 0053-0054) | | | | | |
| | 117 | Employee Coaching/Warning Form dated 11/6/12 (Behave'n to Teal 0055-0056) | | | | | |
| | 118 | Letter of Warning dated 2/12/13 (Behave'n to Teal 0057) | | | | | |
| | 119 | Letter of Warning dated 2/18/13 (Behave'n to Teal 0058) | | | | | |
| | 120 | Email to Gail Williams (Behave'n to Teal 0060) | | F, H, O (Not Best Evidence) | | | |
| | 121 | Employee Coaching/Warning Form terminating Plaintiff's employment dated 6/28/13 (Behave'n to Teal 0063) | | | | | |
| | 122 | Statement of Ashley Rose regarding PTO 0079 | | H, F, O (Not Best Evidence | | | |
| | 123 | Complaint from Plaintiff (Behave'n to Teal 0080 - 0082) | | | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 124 | Charge of Discrimination filed by Plaintiff with the NEOC (Behave'n to Teal 0091-0092) | | | | | |
| | 125 | NEOC Rebuttal Interview (Behave'n to Teal 0095-0098) | | H, R, F | | | |
| | 126 | Text messages between Courtney Peterson and Plaintiff (Behave'n to Teal 0102) | | | | | |
| | 127 | Termination document of Diane Pehrson, Ex. 4-A to Defendant's Motion for Summary Judgment | | R | | | |
| | 128 | Statement of Diane Pehrson, Ex. 4-C to Defendant's Motion for Summary Judgment | | H, F, O (Not Best Evidence) | | | |
| | 129 | Program Coordinator Training dated 12/21/12 (Behave'n to Teal 0191) | | | | | |
| | 130 | Affidavit of Ashley Rose (Behave'n to Teal 0413-0414) | | H, F, O (Not Best Evidence) | | | |
| | 131 | Affidavit of Carrie Rowell (Behave'n to Teal 0415-0416) | | H, F, O (Not Best Evidence) | | | |
| | 132 | Postnatal Depression Scale (Teal/Carlson 00070) | | R | | | |
| | 133 | Postnatal Depression Scale (Teal/Carlson 00127) | | R | | | |
| | 134 | Medical records of Dr. Carlson, responsive to subpoena | | F, H, R | | | |
| | 135 | Medical records of Dr. Rosenquist, responsive to subpoena | | F, H, R | | | |
| | 136 | Medical records of Dr. Quinn, responsive to subpoena | | F, H, R | | | |

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| | 137 | Demonstrative exhibits consisting of enlargements of any of the exhibits listed herein. | | Reserved | | | |
| | 138 | Demonstrative exhibit - timeline | | Reserved | | | |
| | | Defendant reserves the right to offer any and all additional exhibits necessary to establish foundation. | | Reserved | | | |
| | | Defendant reserves the right to offer any and all exhibits listed or offered by Plaintiff not objected to by Defendant. | | Reserved | | | |
| | | Defendant reserves the right to offer any and all additional exhibits necessary for rebuttal or impeachment. | | Reserved | | | |
| | | Defendant reserves the right to offer additional exhibits obtained prior to trial including, but not limited to, additional records not yet received. | | Reserved | | | |
| | | Designated pages from the Deposition of Brittany Teal taken August 18, 2015 | | See Ex. B | | | |
| | | Plaintiff's Answers to Interrogatory Nos. 1, 2, 5 and 7 through 14. | | See Ex. B | | | |
| | | Plaintiff's Responses to Defendant's Requests for Production of Documents in its entirety | | See Ex. B | | | |
| | | | | | | | |
| | | | | | | | |

**OBJECTIONS**
R: Relevancy
H: Hearsay
A: Authenticity
F: Foundation
O: Other (specify)

BRITTANY L. TEAL, Plaintiff

By: s/Patrick M. Flood
    Patrick M. Flood, #19042
    Michael R. Peterson, #23444
    PANSING HOGAN ERNST & BACHMAN LLP
    10250 Regency Circle, Suite 300
    Omaha, NE 68114
    (402) 397-5500
    (402) 397-4853 (Facsimile)
    ATTORNEYS FOR PLAINTIFF

and

BEHAVE'N DAY CENTER, INC., a Nebraska corporation, Defendant.

By: s/Kathryn A. Dittrick
    Kathryn A. Dittrick, #23513
    Rhianna A. Kittrell, #25366
    FRASER STRYKER PC LLO
    500 Energy Plaza
    409 South 17th Street
    Omaha, NE 68102
    (402) 341-6000
    ATTORNEYS FOR DEFENDANT

EXHIBIT A
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRITTANY L. TEAL,<br><br>Plaintiff,<br><br>v.<br><br>BEHAVE'N DAY CENTER, INC., A<br>Nebraska Corporation,<br><br>Defendant. | Case No. 8:14-CV-161<br><br>**EXHIBIT A TO JOINT EXHIBIT LIST, DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEPOSITION AND OTHER DISCOVERY DESIGNATIONS** |

Defendant generally objects to Plaintiff's deposition designations of Gail Williams and Roger Peterson on the basis that these individuals will be available to testify at trial to the matters contained in their depositions. Defendant also makes the following specific objections to Plaintiff's designations:

I. **DEPOSITION TESTIMONY.**

<u>GAIL WILLIAMS JULY 17, 2015 DEPOSITION</u>

<u>Page and Lines</u>   (Objection to entire deposition - witness available)
4:11-12
11:22-12:2
13:3-10
<u>32:9-34:8</u>   - F, R
36:24-37:11
39:1-22
41:17-42:6
47:9-48:9
60:23-61:1
62:14-20
<u>69:15-71:12</u>  - F, R

ROGER PETERSON JULY 8, 2015 DEPOSITION

<u>Page and Lines</u>     (Objection to entire deposition - witness available)
4:15-16
40:3-6
46:8-47:4
<u>50:7-20</u>     - O (mischaracterizes prior testimony)
51:19-52:14
<u>54:5-21</u>     - F
69:5-9
69:19-70:6
71:8-19
73:10-14
<u>87:7-90:23</u>     - F, H, R
91:11-23
101:21-23

II. **DISCOVERY RESPONSES**

Defendant's Answer to Interrogatory Nos. 7, 14

              BEHAVE'N DAY CENTER, INC.,
              Defendant,

BY:   /s/ Kathryn A. Dittrick.
       Kathryn A. Dittrick, #23513
       Rhianna A. Kittrell, #25366
       FRASER STRYKER PC LLO
       500 Energy Plaza
       409 South 17th Street
       Omaha, NE 68102
       (402) 341-6000
       kdittrick@fraserstryker.com
       rkittrell@fraserstryker.com
       ATTORNEYS FOR DEFENDANT

EXHIBIT "B"
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| BRITTANY L. TEAL, | ) | Case No. 8:14-CV-161 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S OBJECTIONS TO** |
| v. | ) | **DEFENDANT'S DESIGNATIONS** |
| | ) | |
| BEHAVE'N DAY CENTER, INC., A | ) | |
| Nebraska Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff generally objects to Defendant's designations of Plaintiff, Brittany L. Teal on the basis that Plaintiff will be available to testify at trial to the matters contained in her deposition. Plaintiff also makes the following specific objections to Defendant's designations:

| Name | Deposition Testimony | Objection |
| --- | --- | --- |
| Brittany Teal | 9:13-24 | |
| | 10:10-12 | |
| | 11:21-12:2 | |
| | 15:8-20 | |
| | 16:14-18 | |
| | 16:22-17:2 | |
| | 18:3-10 | |
| | 19:7-11 | |
| | 22:16-25 | |
| | 24:24-25:2 | |
| | 25:13-15 | |
| | 30:6-10 | |
| | 32:19-33:3 | |
| | 35:11-24 | |
| | 36:3-24 | |
| | 38:11-23 | |
| | 40:24-25 | Relevancy; Completeness |
| | 42:17-19 | Relevancy; Completeness |
| | 45:1-4 | |
| | 46:21-25 | |

10

| | | |
|---|---|---|
| | 50:2-14 | |
| | 52:7-53:8 | Relevancy; Completeness |
| | 54:16-19 | |
| | 56:12-19 | Relevancy; Completeness |
| | 58:4-11 | Relevancy; Completeness |
| | 59:14-19 | |
| | 62:9-17 | Relevancy; Completeness |
| | 66:4-21 | Relevancy; Completeness |
| | 69:3-7 | Relevancy; Completeness |
| | 72:9-11 | Relevancy; Completeness |
| | 74:3-75:1 | Relevancy; Completeness |
| | 75:24-76:3 | Relevancy; Completeness |
| | 82:11-19 | |
| | 83:3-4 | |
| | 84:10-15 | |
| | 84:21-85:1 | |
| | 88:22-89:4 | Relevancy; Completeness |
| | 92:4-10 | |
| | 94:2-14 | |
| | 94:21-22 | Relevancy; Completeness |
| | 95:15-21 | |
| | 100:4-16 | Relevancy; Completeness |
| | 121:7-13 | Relevancy; Completeness |
| | | |
| **Discovery Responses** | | |
| Plaintiff's Answers to Defendant's Interrogatories | Answers to Interrogatory Nos. 1, 2, 5 and 7 through 14 | |
| Plaintiff's Responses to Defendant's Requests for Production of Documents | Plaintiff's Responses to Defendant's Requests for Production of Documents in its entirety | |

BRITTANY L. TEAL, Plaintiff

By: s/Patrick M. Flood
Patrick M. Flood, #19042
Michael R. Peterson, #23444
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, Nebraska 68114
(402) 397-5500
(402) 397-4853 (facsimile)
Attorneys for Plaintiff